IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                          17-CR-40-V
                                                    18-CR-105-V

LAWRENCE RUSSELL a/k/a Mucho,

              Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PSR AND SENTENCING MEMORANDUM

The United States of America, through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Timothy C. Lynch, Assistant United States Attorney, of counsel, hereby files its Response to Defendant's Objections to the PSR and Sentencing Memorandum.

With regard to the defendant's first objection to the PSR relating to the application of a 3-level upward adjustment pursuant to Sentencing Guidelines § 3C1.3, the plea agreement differs from the Sentencing Guideline calculation in the Presentence Report in that the plea agreement calculated a total offense level of 27 and the presentence report found a total offense level of 30. This discrepancy is the result of the Presentence Report's application of Sentencing Guidelines § 3C1.3, an adjustment which was not applied in the plea agreement's calculation of the total offense level. Pursuant to United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999), the government is bound to advocate the calculation in the plea agreement.

The defendant's second objection relates to portions of his criminal history that were "either dismissed, sealed, or unsupported by records of disposition." Filing 17 at p. 5. As the Second Circuit held in United States v. Reese, "a sentencing court is free to consider hearsay evidence, evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in acquittal." United States v. Reese, 33 F.3d 166, 174 (2d Cir. 1994). The Sentencing Guidelines also state that "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S. Sentencing Guidelines Manual § 6A1.3(a); see also Fed. R. Evid. 1101(d)(3) (Rules of Evidence inapplicable at sentencing); 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Here, the defendant's arrest history and the facts relating to those arrests, regardless of whether a conviction resulted from it, are properly included in the PSR, and therefore, these objections should be denied.

For the same reasons, the defendant's third objection should be denied too. The defendant asserts that because the arrest information for this assault pertains to a "Larry" Russell, rather than "Lawrence" Russell, and the defendant does not recall this incident, it should not be considered by the Court. However, police records indicate that the person arrested had the same date of birth and shared the same physical characteristics as the defendant. See Filing 17 at p. 6. As such, there is "sufficient indicia of reliability to support its probable accuracy." U.S. Sentencing Guidelines Manual § 6A1.3(a).

Finally, as agreed to in the plea agreement, the government does not oppose the defendant's request for a sentence of 100 months.

DATED: Buffalo, New York, January 18, 2019.

                                        JAMES P. KENNEDY, JR.
                                      United States Attorney

BY:    s/TIMOTHY C. LYNCH
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716-843-5846
        Timothy.Lynch@usdoj.gov