IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

LAWRENCE RUSSELL
     Petitiooner/Plaintiff

vs.

UNITED STATES OF AMERICA
     Defendant/Respondent

Case Nos. 17-CR-40
          18-CR-105

## DECLARATION OF LAWRENCE RUSSELL

I Lawrence Russell, hereby state that on **Friday February 8, 2019.** I specifically, instructed **Mr. Mark A. Foti,** to file a timely notice of appeal on my behalf, and **Mr. Foti,** did agree to file an appeal., but for some unknown reason he failed to do so. **Mr. Foti,** did have a deliberate habit of disregarding my request of him.

I clearly explained to **Mr. Foti,** that I never had a "gun" nor was a "gun" reasonably foreseeable to me. **Mr. Foti,** never told me that Section 2D1.1(b)(1), was a discretionary sentencing enhancement.

**Mr. Foti,** declaration is a complete "lie" I am confident that I clearly instructed **Mr. Foti,** to file an appeal on my behalf. **Mr. Foti,** never explained to me, nor was I ever informed that Section 2D1.1(b)(1), was a discretionary and not mandatory. I did ask Ms. Tamala E. Daniel, to call Mr. Foti, and remind him.

To file the appeal that I requested him to file. **Mr. Foti,**did.., did absolutely nothing that would show how he effectively represented me. I told Mr. Foti, to orrally stipulate at sentencing the First Step Act of 2018, Pub. L. 115-391, 603(b), 132 Stat 5194, 5239. Mr. Foti, told me that I was not eligible.

The Federal Bureau Of Prisons says that I am eligible for the First Step Act Of 2018 credits. **Mr. Foti**, would not bring to the Courts attention, that I have **"asthma"** and I'm a **"pre-diabetic"** he deliberately ignored my every request only to assist the government.

I'm willing to testify, before the Court and prove that Mr. **Foti**, did not effectively represent me, nor did he file a timely notice of appeal as I instrcuted him to do, **Mr. Foti, failed to properly object** to Section 2D1.1(b)(1), in that, the "gun" was not "reasonably foresee- able." To me.

The "gun" is not charged in the indictment, nor is the "gun" an essential element of the offense actually charged by the government.

I Declare (or certify, verify or state), under the penalty of perjury that the foregoing is true. See, 28 U.S.C. §1746.

Lawrence Russell
#2741-055/MA-87-5

10/26/2020
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK


LAWRENCE RUSSELL
        PETITIONER

        V.                              CASE NO. 17-CR40-V
                                             18-CR-105-V

UNITED STATES OF AMERICA


PETITIONERS REPLY TO ATTORNEY MARK A. FOTI RESPONSE
TO ISSUES REGARDING REPRESENTATION ON INDICTMENT
        Numbers 17-CR-40 and 18-CR-105


    FIRST, I WOULD LIKE TO REFUTE THE RESPONES MADE BY Attorney
Mark A. Foti to number (1), (3), and (4) of his Delaration even
though I am not a lawyer and I am working Pro-Se on this motion.
I see that he used the words "I DO NOT RECALL" in responses (1),
(3), and (4).
RECALL (DEF;3)-REMEMBER, RECOLLELT-ed thier last meeting)
    I do not believe that "I DO NOT RECALL" is any kind of defense
to stand on, but in this case it's being used as more of a tactic
because, Mr. Foti did not know what letters or information your Honor,
that he already had in his possesion from me. So to say "I DO NOT RECALL
WAS THE BEST WAY FOR HIM TO STRADDLE THE FENCE WITH HIS RESPONSES.
How can he as an attorney not recall anything and in response(2)
of what he did recall or should I say he initially knew about my
concerns- LIED!
    MR. Foti, a well-Respected and experienced member of the CJA
Panel of Attorneys Not only neglected his responsibilities to me
as an defendant(Client), but also to the oath taken to up hold the
CONSTITUTION OF THE UNITED STATES OF AMERICA.


1

IN MR. FOTI"S SWORN DELARTION
Document 148 *Filed 04/03/20 page 2 0f 4(¢2)
To whether counsel received from Russell written communications
as described in Docket item 132 at 9(footnote), or any other
communication, expressing Russell's concerns about the presentence
Investigation Report:

  MR. Foti swore that he did receive communication regarding concerns
That MR. Russell <u>inially</u> had with the Presntence Investigation Report
and that he was also aware of one instance when I sent a copy of
the <u>same initial concerns</u> to probation.

  Now if MR. Foti received communication from me or whom ever,
then why didn't he provide a copy of that communication, or corespondence
(letter or phone records of that call) to the courts or your Honor
as proof? It was not provided, because <u>you can't provide what you</u>
<u>do not have.</u>

  What MR. Foti did not expect was for MS. Natalie Harrington/
Natalie Whitman to provide your Honor,with the e-mail of their
correspondance. Those e-mails together with the letters I wrote to
probation and your Honor, in the month oe October 2018, contradicts
his response.


## PETITIONER'S LETTER TO MS. NATALIE B. WHIMAN OF
## PROBATION. DOCUMENT 42 *SEALED* EILED 6/15/2020 page 12 of 34

  In my opening paragrah I stated in lines(7-11) that I have not
been able to reach my attorney but once, that's when i took the plea.
So I'm wrting her with my concerns in respect to the sentencing
factors and report. Also in the same (Document) letter on page
(14 of 34)¢98 personal family data, at the bottom of the page,
I stat in lines (1-5) that since I've taken this plea, <u>I have not</u>
<u>heard from my attorney,but once and that was at the Presentence</u>
<u>interview with her</u>(MS. Whitman)
So if the time I heard or saw mt attorney was at that(PSR) interview,
then how could MR. foti know about my initial concerns? I wrote
to MR. Foti a week before asking him to.come see me. I sent my
concerns straight to MS. Whitman(Probation) <u>not him</u>, due to the
deadline for the concerns to be in and the fact of being <u>ignored</u>
<u>for months.</u>

## PETITIONER'S LETTER TO THE HONORABLE JUDGE
## LAWRENCE J. VILARDO

Document 42 *SEALED* filed 6/15/ 2020. Page(18 of 34)

   I stated in the first paragrah lines(3-15) that since I
have taken this plea I felt like my attorney has turned his back
on me. I took this plea on 7/26/2018, from that date, I saw MR.
Foti(1) time and that was at the Presentence Report Interview.
I have tried to contact him by mail, phone and through family.
He has not returned any calls or has not wrote me back once in
about 88 days!
I'M schedule to be sentence on 11/29/2018 and I've just receeived
my copy of my Presentence Report (4)days late of what the sentencing
timeline sheet deadline said ("NO ATTORNEY CONTACT TO GO OVER MY
CONCERNS!") and yes, I have concerns! So I wrote my concerns down
and mailed them to MS. Natalie B. Whitman of the probation department
myself. As you can see I said "NO ATTORNEY CONTACT TO GO OVER MY
CONCERNS AND YES I HAVE CONCERNS", so how did MR. Foti know about
my inital concerns.if i never saw or talked to him during that time?

## MS. NATALIE B. WHITMAN'S E-MAIL TO MR.MARK A. FOTI
## DOCUMENT 42 *SEALED* FILED 6/15/2020 PAGE(32 of 34)

___   In this E-Mail MS. Whitman stated that she received correspondence
from MR. Russell Regarding  the PSR and that she would provide
him  with a copy of the letter on October 29, 2018.
MR. Mark A. Foti's response to the e-mail sent by MS.Natalie B. Whitman
:Document 42 *SEALED* Filed 6/15/2020 page (31 of 34)

In MR. Foti's response to the October 29, 2018 e-mail saying "thank you
for sending that."         MR. Foti also said that he dose plan to
come see me, hopefully this week and that he "appreciated her for
sending the letter to him so he know what concerns to address!"

With MR. Foti own declaration, together with the evidence provide
not only contradicts his response, but also shows maliious intent
and the willing ness to lie no matter how it effects my life.

"WHICH MEANS MR. FOTI NEVER HAD COMMUNICATION, OR KNEW ABOUT ANY INITAL CONCERNS
UNTIL HE WAS CONTACTED BY MS. WHITMAN OF PROBATION."

3

So in reply to MR. Foti's response, I believe that he has not only proven my claim of Ineffective Assistance of Counsel, but also his inability to care, or be <u>truthful</u> at all with the courts or my case. The government stated that my motion had no merit, **Factually or Legally** and should be DENIED.

Now I believe with the case's, and evidence provided that your Honor will find that not only dose my motion have merit both factually and legally, but it now has the element of "<u>perjury</u>" on behalf of MR. Mark A. Foti.

So in closing I ask that your Honor Vacate this sentence without Prejudice.

**4**

## NATURE OF THE RELIEF SOUGHT

Petitioner, prays that this Honorable Court (**GRANT**), This §2255-motion or hold an "**Evidentiary Hearing**" in light of the U.S. Supreme Court's decision in, Garza v Idaho, 139 S.Ct. 738, 749 (2019). Where Petitioner, made a timely request to his trial counsel Mr. Foti to file a timely notice of appeal, and counsel through neglect failed to file an appeal.

Counsel, failed to make an appropriate ojection to the §2D1.1 (b)(1), Firearm enhancement. Where Petitioner, was never made aware that §2D1.1(b)(1), was a "discretionary sentencing enhancement" and that, the "firearm" was not "reasonably foreseeable" by Petitioner.

Respectfully Submitted

Lawrence Russell
#27413-055/MA-87U
Federal Correctional Inst.
Butner-Medium II
Post Office Box 1500
Butner, North Carolina 27509-1500.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing has been furnished by U.S. Mail TO: Laura Higgins (AUSA) @ U.S. Attorney's Office/Federal Centre. 138 Delaware Avenue. Buffalo, New York 14202. On this __10__, day of ___2o___, 2020. I on this.., same date did place this documentation into the hands of prison officials for legal mailing. See, Houston v Lack, 487 U.S. 266 (1988).

Respectfully Submitted,

Lawrence Russell
#27413-055/MA-87U
Federal Correctional Inst.
Butner-Medium II
Post Office Box 1500
Butner, North Carolina 27509-1500.

Date: _10-26-2020_
Clerk Of District Court
2 Niagara Square/Room#200
Buffalo, New York 14202.


Russell v United States Of America
Case Nos. 17-CR40-V
           18-CR-105-V

## NOTICE TO THE CLERK OF THE DISTRICT COURT

Dear Clerk,

          Enclosed please find my "Rply" to the Government's answer
will you notify me once you receive this documentation. Your time
and consideration are both very much appreciated.


Respectfully Submitted

Lawrence Russell
#27413-055/MA-87U
Federal Correctional Inst.
Butner-Medium II
Post Office Box 1500
Butner, North Carolina 27509-1500.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

LAWRENCE RUSSELL
      Petitioner/Plaintiff

Case Nos. 17-CR40-V
            18-CR-105-V

vs.
UNITED STATES OF AMERICA
      Defendant/Respondent

---

### PETITIONER'S REPLY TO THE GOVERNMENT'S ANSWER
### MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE
### FILED PURSUANT TO 28 U.S.C. §2255

COMES NOW, The Petitioner, Lawrence Russell, in proper person, and pursuant to 28 U.S.C. §2248. And The Rules Governing §2255-Proceedings For The United States District Court's 12. Respectfully, files this **Reply/Objection** to the Government's Answer that was filed with this Honorable Court on **July 15, 2020.** See, (**Document 158**). To the now pending 28 U.S.C. §2255-Motion **To Vacate Set Aside Or Correct Sentence.** Petitioner, avers to the following facts.

In the Government's Answer. See, (Doc. 158, Page's 5 and 6 Of 12). The Government, says in part;

> Mr. Foti, had no responsibility to file a Notice Of Appeal because Russell, never directed him to do so. Russell's motion fails because the allegations he sets forth in this regard through Ms. Daniel's biased affidavit are clearly refuted by the sworn facts in Mr. Foti's declaration. Docket 148. Next, Russell's trial counsel, Mark Foti, Esq, was not deficient in this matter. He properly counseled the defendant in advance of the Plea Agreement, including on the application of the Sentencing Guidelines the terms and consequences of the Plea Agreement, and the appellate waiver within the Plea Agreement. Further, the alleged failures by defense counsel were not prejudicial because even if true, they were remedied by the Court's own thorough Rule 11 plea colloquy with Russell on July 26, 26, 2018. When the pleas of guilty were entered.

Respectfully, the above portion of the Government's answer, is now direct proof.

Petitioner's attached affidavit is direct proof and it does refute Mr. Foti's false declaration. Petitioner's, claims are all supported by law and facts.

In the Government's answer. See, (Doc. 158, Page 6 and 7 of 12). The Government, says in part;

> Mr. Mark A. Foti, agreed to file an appeal, but thro-
> ugh neglect [ ] failed to do so. Docket 132, p. 4. For
> his part, Mr. Foti swears that Russell never directed
> him to file an appeal, they never discussed any poten-
> tial issues that could be pursued on appeal, and that
> no one contacted him on Russell's behalf to direct that
> a Notice of Appeal be filed. Docket 148.

In Garza v Idaho, 139 S.Ct. 738, 749 (2019). The U.S. Supreme Co-urt held that the, Flores-Ortega, presumption of prejudice applies.., even when a defendant has signed an appeal waiver as part of his plea agreement. See, 139 S.Ct. at 749-50. ("An appeal waiver does not bar claims outside its scope").

As long as a defendant can show that counsels constitutionally deficient performance deprived him of an appeal that he otherwise wo-uld have taken, Court's are to presume "prejudice" with no further showing from the defendant of the merits of his underlying claims. Again see, Roe v Flores-Ortega, 528 U.S. 470, 484 (2000).

Specifically, Petiitoner, is entitled to relief under control-ling, Second Circuit precedent. See, United States v Fuller, 332 F.3d 60, 65 (2d Cir. 2003). Petitioner, "swears" that he instructed Mr. Foti, to file an appeal on his behlf. See, Campusano v United States, 442 F.3d 770, 775 (2d Cir. 2006).

2

In the Government's answer. See, (Doc. 158, Page 7 of 12). The
Government, says in part;

> To begin, the government observes that even now in his
> §2255 motion, Russell does not state expressly what is-
> sue he asked Mr. Foti to pursue on appeal. In light of
> Mr. Foti's declaration, Russell's account of communica-
> tions between Ms. Daniel and Mr. Foti should be rejec-
> ted as incredible.

The Government, does not understand the law. Again, Court's are
to presume "prejudice" with no further showing from the defendant of
the "merits" of his underlying claims. See, United States v Fuller,
332 F.3d 60, 65 (2d Cir. 2003); Also see, Garzo v Idaho, 139 S.Ct.
738, 749 (2019). See, (Doc. 158, Page 7 of 12).

The Government, continues with its nonsense all based on specu-
lation and conjecture saying in part;

> Mr. Foti asserts in his declaration that his secreta-
> ry does not have any memory of the conversation Ms.
> Daniel describes. Further, his own review of his off-
> ice's telephone logs reveals that Ms. Daniel's tele-
> phone number did not contact his office during the
> period she swears she directed the filing of an appe-
> al on Russell's behalf, nor did any number with the
> same out-of-state area code (919).

Conveniently, counsel only "states" but he does not provide his
entire telephone logs for review, because he is "lying"Ms. Daniel's
affidavit is signed under the penalty of perjury as well as the peti-
tioner's.
Government's answer. See, (Doc. 158, Page 7 of 12). The Government,
says in part;

3

> Had Russell wished to file a Notice Of Appeal, his fre-
> quent and candid pro se correspondence demonstrates
> that he was not shy to advocate on his behalf. See, e.g.
> Docket 155, P. 11 (letter following up in pursuit of re-
> cords request). It is incredible that Russell would not
> have called Mr. Foti or written a letter himself, in fa-
> vor of relying on a third-party to transmit this essen-
> tial directive.

The Government, at this point attempts to explain what is in the Petitioner's mind or exactly how he should have went about reminding counsel to file an appeal that he had been instructed to initially file on Petitioner's behalf. Petitioner, took every necessary step., that was available to him at that time to no avail.

The Government, can cite no Second Circuit authority that sup-ports her  view   only speculation and conjecture. In the Govern-ment's answer. See, (Doc. 158, Page 7 of 12). The Government, says in part;

> Ms. Daniel asserts that she made her phone call to Mr.
> Foti's office on February 12, 2019, four days after the
> sentencing. Then, 13 more days passed between February
> 12, 2019 and February 25, 2019 when the final judgment
> was issued and filed on the docket. Then 14 more days
> passed between when the judgment was entenred and when
> Russell's right to appeal expired. The required timing
> for filing a Notice of Appeal was a fact Russell was
> advised of by the court at sentencing, consistent with
> its statutory obligation. FED. R. CRIM. PRO. 32(j)(1)
> (B); Docket 135, p. 48. And yet over those 27 days, Ru-
> ssell has alleged his first and only effort to con-
> tact Mr. Foti was made by his fianc'e through a mess-
> age left with a secretary.

example, in Wins v United States, 225 F.3d 186, 190 (2d Cir. 2000). The Second Circuit, explained that the relevant inquiry is when a duly diligent person in Petitioner's circumstances would have discovered facts supporting his claim. Id.

4

This does not require the maximum feasible diligence only due or reasonable diligence. Id at 190. Here, Petitioner, has exercised the required reasonable diligence. On the day of sentencing Petitioner, directly informed Mr. Foti, that he wanted to file an appeal. See, Fed. R. App. P. 4(b)(1).

In order, to show that counsels failure to file an appeal amounted to ineffective assistance, the Petitioner must demonstrate that he requested that his attorney file an appeal. See, McHale v United States, 175 F.3d 115, 118 (2d Cir. 1999). Petitioner's affidavit is attached as evidence.

In the Government's answer. See, (Doc. 158, Page's 7 and 8 of 12). The Government, says in part;

> Even having received no call back from Mr. Foti Russell has not alleged he persisted with additional phone calls, letters, or other conversations wherein his directive to file a Notice Of Appeal was communicated.

Respectfully, what "Law" says that Petitioner must persist? all that Petitioner, must legally do, is follow the direction of the U.S. Supreme Court and the Second Circuit. See, Flores-Ortega, 528 U.S. at 480. First, counsel has a duty when there is reason to think that a rationa defendant would appeal. See, (Doc. 155).

Second, counsel has a duty when there is reason to think that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Id. See, Petitioner's affidavit as evidence supporting this claim. In the Government's answer. See, (Doc. 158, Page 8 of 12). The Government, says in part;

> Curiously too, although Russell claims his directive was acknowledged by Mr. Foti and that he

> agreed to file the appeal, Docket 132, P. 4. Ms.
> Daniel's affidavit states only that she left a
> message containing the directive with Mr. Foti's
> secretary. Docket 132, p. 12. Ms. Daniel's affi-
> davit does not assert that she ever spoke direc-
> tly with Mr. Foti, nor that he acknowledged to
> her he received Russell's directive, nor that Mr.
> Foti actually agreed to file the appeal as Russell
> claims. Id. This inconsistency signals a lack of
> credibility in Russell's assertions about Mr. Foti
> having acknowledged Russell's directive and having
> agreed to file the appeal.

Specifically, there is no inconsistency in Petitioner's claims.

A review of Petitioner's own affi-
davit (See it attached), support that Mr. Foti, had been directly
instructed on February 8, 2019. To file an appeal.

In the Government's answer. See, (Doc. 158, Page 8 of 12). The
Government says in part;

> Should this Court determine that Russell did in-
> struct Mr. Fotti to file a Notice Of Appeal, the
> appropriate remedy is not to vacate or set aside
> the sentence, but instead allowance to pursue a
> delayed appeal.

Respectfully, this Honorable Court does not need direction or
instruction from the Government. The Government, has "conceded" at
this point the "law" and Petiitoner's affidavit show that Petiti-
oner, explicitly requested Mr. Foti, to make the appropriate ob-
jections and timely file an appeal on his behalf.

In the Government's answer. See, (Doc. 158, Page's 8 and 9 of
12). The Government, says in part;

> In his motion, Russell complains that his defense
> counsel was deficient by deliberately failing to
> object to the dangerous weapon enhancment under U.
> S.S.G. §2D1.1(b)(1). Docket 29, p. 5. The terms of
> the Plea Agreement, however, specifically forecl-
> ose this option and established that Russell admit-
> ted to his possession of a handgun and that

6

he agreed that §2D1.1(b)(1) applies. Docket 89,¶¶
8(a); 14. At the plea colloquy the government sum-
marized his criminal conduct to include;

Specifically, the Grand Juries indictment does not include and or

allege a violation of 18 U.S.C. §922(g)(1), or 18 U.S.C. §924(c). The

government, use an "erroneous" Plea Agreement to constructively amend

the indictment. See, Stirone v United States, 361 U.S. 212, 218 (19

60). And failed to comply with the law.

For example, in Santobello v New York, 404 U.S. 257 (1971). The

United States Supreme Court explained in part;

For a guilty plea to be entered knowingly and inte-
lligently, the defendant must have not only the men-
tal competence to understand and appreciate the na-
ture and consequences of his plea, but he also must
be reasonably informed of the charges against him
the factual basis underlying those facts.

Specifically, "nothing" in the Plea Agreement and "nothing" in Mr.

Mark A. Foti's fabricated declaration, show that Petitioner, had been

advised or informed that §2D1.1(b)(1), was "advisory" and not "manda-

tory." See, United States v Booker, 543 U.S. 220 (2005). Petitioner,

suffered "Prejudice."

In Henderson v Morgan, 426 U.S. 637, 645 (1976). The United Sta-

tes Supreme Court, invalidated a guilty plea to second degree murder

where the defendant was not informed of the "mens rea" requirement.,,

Such a plea, the Court held, could not support a judgment of guilt.

Unless it was voluntary.

In a constitutional sense and the plea could not be voluntary,

i.e. an intelligent admission that he committed the offense, unless

the defendant received "real notice" of the nature of the charges

against him. Id at 645-46.

7

In the Government's answer. See, (Doc. 158, Page 9 of 12). The Government, says in part;

> When asked by the Court, [i]s everything [the government] said about your conduct true and correct? the defendant responded unequivocally. "[y]es,your honor." Id After the government described how it would prove its case by stating, among other things, "the FBI source would be asked to describe the transaction on at least one occasion in May of 2014 when the source saw the defendant in possession of a handgun during the transaction." The Court asked the defendant, do you disagree with anything [the government] just said? to which the defendant responded, "[N]o, your hinor, Id at 35-36.

Specifically, the so-called "FBI source" was never presented to the Grand Jury. The "type of hand gun" was never mentioned and theres a strong reason to believe that the government did not believe it's own "so-called "FBI source." And nothing described is an essential element of 21 U.S.C. §846.

The Government, Mr. Foti, nor the Court ask Petitioner, "do you know that §2D1.1(b)(1), is "advisory" and not "mandatory." Petitioner, suffered "Prejudice" in that, theres a reasonable probability that had he been aware, he would not have plead guilty to a discretionary sentencing enhancement.

See, Hill v Lockhart, 474 U.S. 52-59 (1985); Strickland v Washington, 466 U.S. 668, 694 (1984).

In the Government's answer. See, (Doc. 158, Page 9 and 10 Of 12). The Government, says in part;

> Moreover, Mr. Foti's declaration makes clear that he discussed the §2D1.1(b)(1), enhancement with Russell, and that Russell decided to enter the plea realizing that it was part of the Plea Agreement. Docket 148, p. 3. None of the pro se correspondence by Russell to the Court, including a letter to United States Probation Officer Natalie Whitman (Docket 155, pp. 12-15).

8

> mention an objection to the application of §2D1.1(b)
> (1) 2. As Mr. Foti observes, "I can confidently state
> that Mr. Russell was aware of which objections I wo-
> uld ultimately raise with Probation and the Court,
> and that was not one of the objections we had dis-
> cussed. Docket 148, p.3.

Respectfully, if Mr. Foti, actually discussed the §2D1.1(b)(1)..,
enhancement with Petitioner, then why doesn't he mention in his decl-
aration that he explained that the guidelines were "advisory." See,
United States v Booker, 543 U.S. 220 (2005)("Explaining that the ad-
visory sentencing provisions that recommend, rather than require the
selection of a particular sentence.").

Mr. Foti, is "lying" to this Honorable Court. If the corres-
pondence is not legible, then why would government counsel rely on
it?                          The record is clear that Mr. Foti, does not
understand the Sixth Amendment of the U.S. Constitution.

Mr. Foti, "works" for Petititoner, not against him and when he
makes a legally sound request, i.e. "make the proper objections and
file a Notice of Appeal." All of which is deeply rooted in his duty,
in the Sixth Amendment. See, Strickland v Washington, 466 U.S. 668,
694 (1984). Mr. Foti, is ineffective.

In the Government's answer. See, (Doc. 158, Page 10 of 12). The
Government, says in part;

> Even if the Court credits that Russell raised the
> objection with Mr. Foti prior to the Plea Agree-
> ment, Russell had every opportunity to state his
> objection and choose not enter the Plea Agreement.
> No one required him to admit to those facts, He
> did so freely and voluntarily and in the company
> of his attorney. If the Court alternatively cred-
> its that Russell raised the objection with Mr.
> Foti after the plea agreement, filing an objection
> to the PSR's application of §2D1.1(b)(1) would
> have constituted a breach of the plea agreement,
> given the government's statement of proof, and
> the Probation office findings in the PSR, Russell
> has not demonstrated any likelihood that he would

> have prevailed on such an objection. It would not
> have been in his best interest to jeopardize the
> bebefit he secured through entering a Plea Agree-
> ment in pursuit of an improved guideline range,
> which is discretionary.

In United States v Giraldo, 80 F.3d 667, 677 (2d Cir. 1996). The

Second Circuit explained that;

> In order to impose an enhancement under §2D1.1(b)
> (1), a district court need not find that the de-
> fendant had personal possession or even acknowl-
> edge that the weapon was present. The enhancement,
> is required so long as the possession of the fi-
> rearm was reasonably foreseeable to the defendant.

Petitioner's, affidavit supports that he did not possess a fire-

arm at anytime. Thus, the possession was not "reasonably foreseeable"

to him. Petitioner, suffered prejudice in that, theres a reasonable

probability had Petitioner, been made aware, that §2D1.1(b)(1), was

a discretionary sentencing enhancement.

Again see, Hill v Lockhart, 474 U.S. 52, 59 (1985);

Strickland v Washington, 466 U.S. 668, 694 (1984). At no time during

the plea colloquy was Petitioner, asked, "whether he knew or did Mr.

Foti, in form him about the discretionary aspect of the guidelines.

In the Government's answer. See, (Doc. 158, Page 10 and 11 of

12). The Government says in part;

> Russell was not deprived of effective assistance
> of counsel because Mr. Foti and this Court made
> clear that by entering the Plea Agreement, he was
> admitting to having possessed a firearm and agre-
> eing to the application of §2D1.1(b)(1). Russell
> has given this Court no reason to believe that
> Mr. Foti, a well-respected and experienced mem-
> ber of the CJA panel of attorney's neglected his
> responsibility to notify and educate Russell on

10

all of the terms of the Plea Agreement and to en-
sure he understood them.

The above portion, is directly refuted with "common sense" Mr.Foti,
himself does not mention in his own       "declaration" anything about
the discretionary aspect of the sentencing guidelines. Why does Mr.
Foti, not mention exactly how the "firearm" was reasonable foreseeable
to Petitioner?

Because Mr. Foti, and Government Counsel both know that Petitioner,
was never in possession of a firearm. Specifically, Petitioner suff-
ered "prejudice" theres a reasonable probability that, but for Mr. Fo-
ti's unprofessional errors, in that, by failing to inform Petitioner,

That §2D1.1(b)(1), was a discretionary sentencing enhancement he
would not have entered a plea, Mr. Foti, does not describe in his
declaration, how the firearm was reasonable foreseeable to Petitioner,
a review of the attached affidavit clearly shows that all Mr. Foti,
was really interested in was directing Petitioner, to sign a Plea
Agreement.

In the Government's answer. See, (Doc. 158, Page 10 and 11 of
12). The Government says in part;

Even if Court has concern that Mr. Foti failed
somehow to act-to negotiate a different plea
which did not include an agreement to the app-
lication of §2D1.1(b)(1), or to file an objec-
tion-Russell did not suffer prejudice because
evidence supporting the application of the en-
hancement was, and remains strong.

First, Petitioner, did suffer prejudice because the evidence was
not strong or did it exist. The "firearm" is not and could not be....,
charged in the indictment under §922(g)(1), and or §924(c). Petitioner,
was never in possession of a firearm.

11

Second, the government should know that any amount of jail time,
has a Sixth Amendment significance. See, <u>Glover v United States</u>, 531
U.S. 198 (2001). Thus, ( -months), does make a big difference, and by
acknowledging that Petitioner, is in an incorrect guideline range the
error does affect his "substantial right's."

See, <u>Molina-Martinez v United States</u>, 136 S.Ct. 1338 (2016). In
The Government's answer. See, (Doc. 158, Page 11 of 12). The Govern-
ment, says in part;

> Russell complains more generally that he entered
> a guilty plea "due to the erroneous misadvice of
> trial counsel [w]ho failed to clearly go over
> each aspect of the written plea agreement. Docket
> 132, p. 1. Based on Mr. Foti's declaration it is
> clear that he was attentive to Russell as a cli-
> ent having visited him in jail, having answered
> questions about the PSR, and then proactively
> advocating for revisions to the PSR with the U.S.
> Probation Office based on Russell's request. See
> Docket 155, at pp. 31-34. Russell's broad and
> unsupported accusation that Mr. Foti, did not
> go over the Plea Agreement with him is contra-
> dicted by Russell's sworn statement to the Court
> on the date of his plea.

Respectfully, this Honorable Court should take "judicial No-
tice" of exactly how the Government is <u>"lying"</u> to this Court Mr. Foti,
assisted the Government every step of the way in this case. A clear,
review of the "Plea Agreement" supports that Petitioner, was not made
fully aware of all of the direct consequences.

The correspondence filed by Petitioner, is direct proof that
Mr. Foti, was constitutionally ineffective violating Petitioner's 5th,
and 6th, Amendment Federal Constitutional Right's to the effective
assistance of counsel. See, <u>Strickland v Washington</u>, 466 U.S. 668
(1984).



LAWRENCE M. RUSSELL ℠ # 27413-055
FEDERAL CORRECTIONAL INSTITUTION 2
P.O. BOX 1500
BUTNER NC 27509

USDC - WDNY
NOV 3 - 2020
BUFFALO

U.S. POSTAGE
FCM LG ENV
BUTNER, NC
27509
OCT 27 20
AMOUNT
$0.00
1000        14202        R2304M114268-

17-CR-40
+
18-CR-105

TO: THE HONORABLE
CLERK U.S. DISTRI
UNITED STATES COUR
BUFFALO, NY 14.

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL®**

7019 1640 0000 8324 7435